# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1916.

---

SULLIVAN *v.* GEISENBERGER.

[70 South. 887.]

1. WILLS CONSTRUCTION. *Interest devised.' Removal of property.*

Where a testatrix bequeathed to her niece the sum of five hundred dollars per annum until she becomes twenty-one years old, and directs that her executor invests the same each year for her at interest in dividend bearing property and that the principal with all accumulated interest and dividends thereon, be paid over to her when she reaches her majority, but should she die before reaching her majority, then and in that event said bequest with accumulated interest thereon shall descend to her heirs at law, such a will evidenced no intention on the part of the testatrix that the interest bequeathed to the said niece should be used for her support or that she should have any right therein until she reached her majority.

2. SAME.

Under such a will the minor's guardian was not entitled to remove the property out of the state into the state of the minor's residence, although the rule is generally that the *situs* of a minor's estate is fixed by its domicile.

110 Miss.] (775)

APPEAL from the chancery court of Adams county.
HON. R. W. CUTRER, Chancellor.

Petition by J. B. Sullivan, guardian against A. H. Gei-
senberger, trustee, to remove a personal estate be-
queathed to a minor from the state. From a decree
denying the petition, petitioner appeals.

The facts are fully stated in the opinion of the court.

*Sullivan, Conner & Sullivan,* for appellant.

*Brandon & Bowman,* for appellee.

STEVENS, J., delivered the opinion of the court.

The appellant, J. B. Sullivan, nonresident guardian
of Ellen Green Sullivan, a minor, prosecutes this appeal
from a decree of the chancery court of Adams county,
denying the petition of the guardian to order the removal
of a personal estate bequeathed to said minor by one
Ellen H. Green, deceased. It appears that Ellen H.
Green, of Natchez, Miss., executed her last will and
testament, in which, among other bequests, appears the
following:

"To my namesake and cousin, Ellen Green Sullivan,
I give and bequeath the sum of five hundred dollars per
annum until she becomes twenty-one years old; and I
direct that my executor invest the same each year for
her on interest in dividend bearing property, yielding
if possible not less than six per cent. per annum; and
I direct that said principal with all accumulated interest
and dividends thereon, be paid over to her when she
reaches the aforesaid age of twenty-one years; but
should she die before she, the said Ellen Green Sullivan,
reaches the age of twenty-one years, then in that event
the aforesaid bequests and accumulated interest thereon
shall descend to the heirs at law of the said Ellen Green
Sullivan."

After the death of Mrs. Green her will was probated,
her executor qualified, her estate was administered upon,

and her executors finally discharged without accounting for the bequest made to this minor. Thereafter a suit was instituted against the executor, the administrator c. t. a., the heirs or devisees of Mrs. Ellen H. Green, deceased, by and on behalf of the minor, Ellen Green Sullivan, who was then residing with her father, J. B. Sullivan, in Reeves county, Tex. This suit was compromised by all the parties, by and with the approval of the chancellor, and a decree was entered, allowing the minor seven thousand dollars as her full share of the estate of Mrs. Green, directing that two thousand dollars be paid in cash and five thousand dollars be evidenced by the promissory note of certain of the devisees, payable two years after date, with interest, and secured by deed of trust on certain property in the city of Natchez. Thereafter, and before the maturity of this promissory note, J. B. Sullivan, the guardian of the minor, presented his petition to the chancery court of Adams county, alleging that he was the father and guardian of the minor; that the minor and petitioner were both living in Reeves county, Tex.; averring the ownership by the minor of the seven-thousand dollar estate; claiming the right of the guardian to the possession and control of the estate; and asking for its removal, under the procedure outlined by statute, from the chancery court of Adams county to the probate court of Reeves county, Tex. When the suit instituted by the minor against the Green estate was compromised, the court appointed A. H. Geisenberger as trustee under bond to receive, invest, and account for the estate, under the direction of the court. The record reflects that J. B. Sullivan was duly appointed guardian by the probate court of Reeves county, Tex., qualified as such, and gave a fifteen thousand dollar bond, and in his inventory charged himself with the value of the minor's estate then in the hands of Geisenberger, trustee. No point is made in this appeal about the regularity of the proceedings to have the estate removed; but the right

of the nonresident guardian to remove the estate at all until the minor reaches the age of twenty-one years is challenged. The court, upon the answer of Geisenberger, trustee, entered a decree, dismissing the petition of J. B. Sullivan, guardian, and thereby denying the right of the guardian at this time to the possession of said estate.

We construe the will of Ellen H. Green as providing an estate to be delivered over to her cousin, Ellen Green Sullivan, when, and not before, she reached the age of twenty-one years, and imposing upon her executor the duty and trust of investing the five hundred dollars annually and reinvesting the income and profits of the estate from year to year until the minor reached the age of twenty-one years. But should the minor die before she reached the age of twenty-one years, then, by the express provisions of the will, the estate, with all accumulations thereon, should go to the heirs at law of the minors. The devise is in fee to the minor, but subject to be defeated by her death before she reaches the age of twenty-one years. Other provisions of the will evidence a purpose and desire that her residence in Natchez be kept and maintained as a family home for all her children until the youngest is twenty-one years old; that a portion of the income of the estate be spent in the support, maintenance, and education of her minor children; that there should be no division of the estate until all her children are of age; and that her plantation should be operated by the executor with full power on his part to employ necessary help and enter into contracts in the due operation of the business of the estate. There was no duty primarily resting upon the testatrix to support and maintain this minor during her infancy; and aside from any necessity which might now confront the minor in the way of support, maintenance, and education, we must look to the language of the bequest to determine its meaning and legal effect. Looking to this language, we find an

express provision of the will that these annuities, with accumulated interests, are to be turned over to the minor when she reaches the age of twenty-one years, and if she should die before she reaches majority, a contingency arises which casts the whole fee of this bequest upon the minor's heirs at law. By the terms of the will, the chancery court where the will is being administered upon is charged with the trust of seeing that these annuities are properly invested in accordance with the direction of the will, and in the event of the death of the minor before she reaches twenty-one years of age, that court will be called upon to ascertain who is entitled to the estate as heirs at law of the minor.

Under this view of the will, the minor is not entitled, through her guardian, to the present possession of any portion of the estate, and is not even awarded the right to use the income for her maintenance, education, and support. If she had the right to immediate possession and the use of this estate, then a different case would confront us. We are mindful of the rule that ordinarily the *situs* of a minor's estate is fixed by the domicile of the minor, and that comity between states requires, ordinarily, the removal, from this state to the domicile of the minor, of any of the minor's property situated in this state. This is the evident purpose of our statute providing the procedure for removal in such cases; but, in the present case, the chancery court of Adams county had acquired jurisdiction over the fund in question, and was charged with the duty of seeing that the fund was properly invested, and that it should ultimately go to the legatees entitled thereto; and this will ultimately be determined by the contingency mentioned.

The ruling of the chancellor was correct, and his decree is affirmed, and, of course, without prejudice to the right of the minor to renew her application when she reaches her majority.

*Affirmed.*